In the Matter of the Claim of S. Clair Heitzenrater et al., Respondents. Hooker Chemical Corporation, Durez Plastics Division, Appellant; Martin P. Catherwood, as Industrial Commissioner, Respondent.

Third Department, March 15, 1965.

*Runals, Broderick, Shoemaker, Rickert, Runals & Vaughan* (*Kenneth W. Rickert* and *Patrick J. Berrigan* of counsel), for appellant.

*Martin R. Bradley* for S. Clair Heitzenrater and others, claimants-respondents.

*Lauren D. Rachlin* for George Hartung, claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Paxton Blair* of counsel), for Industrial Commissioner, respondent.

*Costello, Cooney & Fearon* for Associated Industries of New York State, Inc., *amicus curiæ.*

GIBSON, P. J.   Appeal is taken by the employer from so much of a decision of the Unemployment Insurance Appeal Board as held that claimants' participation in an unauthorized strike did not, per se, constitute misconduct within the meaning of the statute imposing certain limited disqualification for benefits upon a claimant who "lost his last employment * * * through misconduct in connection with his employment". (Labor Law, § 593, subd. 3.)   The decision did hold that accumulation of claimants' benefit rights was properly suspended by reason of an industrial controversy (Labor Law, § 592, subd. 1) and claimants took no appeal from that decision.

Appellant's argument proceeds very largely on the mistaken premise that the board held that these two statutes are mutually exclusive, so that if subdivision 1 of section 592 were applied, no action could be taken under subdivision 3 of section 593.   It is clear, however, that the board did no more than decline to " impose the misconduct disqualifications for *mere participation* in the strike " (emphasis supplied) noting that its jurisdiction does not afford a proper forum for determining the merits of the industrial controversy, that is, the supposed breach of the contract, for which other remedies exist; but the board then proceeded to determine " the remaining question of whether or not the claimants by individual acts, independent of their mere participation in the strike, committed misconduct so as to be subject to the disqualification provisions of Section 593.3 of the Law " and " recognize[d] that acts or conduct of claimants committed during the course of the strike or on a picket line may constitute misconduct and subject them to disqualifications on that ground."   This latter question was resolved, as an issue of fact, in favor of claimants and appellant does not contest the finding.   We concur in the view that " misconduct " invoking punishment under the statute requires findings which are not limited to the single inquiry of whether the collective bargaining contract has been breached by the concerted action of a number of employees in leaving the job and thereby precipitating an industrial controversy; as was subsequently found to be the case here, by the divided vote of the arbitrators to whom the issue was referred.   Clearly the determination of the legality of an industrial controversy is not within the powers of the board. (*Matter of Gilmartin* [*Catherwood*], 10 N Y 2d 16, 19.)

Appellant's additional contentions do not seem to us to require discussion.

The decision should be affirmed, with costs to the respondent filing brief.

HERLIHY, REYNOLDS, AULISI and HAMM, JJ., concur.

Decision affirmed, with costs to the respondent filing brief.